

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Nouchie Vellon,

          Plaintiff

     vs.

Ava Coley And Gerard W. Bradshaw,
of Tarheel Canine Training, inc.,
            Defendants.

Civil Case No.:

Complaint Pursuant to
31 U.S.C. § 3729 et seq.;
18 U.S.C. § 1341;
§ 432(a)(2) of the Higher
Education Act; And
F.R.C.P. Rule #9(b)

/.'19-CV-1614 (LEK/CFH)

**\*\*Plaintiff Demands a Jury Trial\*\***

Plaintiff in the above-captioned action, alleges as follows:

## JURISDICTION

1. This is a Civil action seeking damages to defend and protect
the rights guaranteed by the Constitution and Laws of the United
States. This action is brought pursuant to 31 U.S.C. § 3729 et
seq., 18 U.S.C. § 1341, § 432(a)(2) of the Higher Education Act
And F.R.C.P. Rule # 9(b). The court has Jurisdiction over this
action pursuant to  § 432(a)(2) of the Higher Education Act, 20
U.S.C. § 1082(a)(2), 31 U.S.C. § 3729 et seq., 28 U.S.C. § 1345,
18 U.S.C. § 1341 and others, also General Equitable Jurisdiction.

2. Venue is proper in this Court pursuant to 31 U.S.C. § 3732(a),
28 U.S.C. § 1391(c) and others.

## PARTIES

3. Plaintiff: Nouchie Vellon
Address: 08A5665, Eastern New York Correctional Facility
30 Institution Rd., P.O.-Box- 338
Napanoch, NY 12458

4. Defendants:  a. Gerard W. Bradshaw,
    Official Position: Chief Executive Officer.
    Address: Tarheel Canine Training, inc.
        230 W. Seawell St.
        Sanford, NC 27332

b. Ava Coley
Official Position: Accounting Department POA
Address: Tarheel Canine Training, inc.
230 W. Seawell St.
Sanford, NC 27332

5.   Pursuant to Rule # 9(b), of the Federal Rules of Civil
Procedure, Special Damages are being sought in addition to other
damages.

## FACTS

6.

a.  On 10/22/18 I mailed an inquiry into the Defendants
receipt of my Correspondence Courses application, inquired
into whether or not Defendants mailed the Correspondence
Packet to me and requested to be provided receipt of my
payment of $720.00 for the courses.

b.  On 11/06/18 I mailed a letter to Defendants receipting
the Correspondence courses packet on 11/05/18, re-
requesting receipt of the monies paid, stated my ambivalence
about the courses and inquired into the Defendants refund
policy.

c.  On 11/28/18 I mailed a demand for a refund), of the
$720.00 paid, to the Defendants as well as questioning the
Defendants failure to provide to me receipt of the monies I
paid upon request.

d.  On 02/04/19 I mailed a letter to the Defendants again
demanding a refund of the monies paid, notifying Defendants
that I had written on 10/22/18, 11/06/18 and on 11/28/18 to
the Defendant without respond and reiterated issues
presented within those earlier letters.

e.  On 05/06/19 I again demanded a refund from the
Defendants.

f.  On 07/21/19 I wrote to Defendants, addressing the letter
to Defendant Gerard W. Bradshaw, again demanding a refund,

outlined violations of law being performed by Defendants, advised Defendants that failing to provide receipt of monies paid is a violation of the Consumer Financial Protection Act and advised Defendants that I have mailed a copy of the 07/21/19 letter as a complaint to the Consumer Financial Protection Bureau, the Consumer Product Safety Commission and the U.S. Council of Better Business Bureaus.

g.   On 08/07/19 Defendant Ava Coley responded to my 07/21/19 letter, refusing to issue a refund, refusing to issue a receipt of the monies I paid and denied having received any prior correspondence from me, while alluding to a statement I had made in my earliest 10/22/18 letter to Defendants.

h.   On 08/12/19 I filed an official complaint with the Consumer Financial Protection Bureau, outlined the issues I was confronted with by the Defendants, sought the CFPB intercedence on my behalf and mailed a copy of the complaint to Defendants.

i.   On 08/28/19 I received a response from the CFPB receipting my complaint and provided a complaint ID, and on the same date I received another response from the CFPB advising me that the CFPB was unable to send my complaint to the Defendants for a response because the Defendants company is either not on the CFPB complaint system or because the CFPB does not currently handle complaints about the product or issues.

j.   On 08/30/19 I received a letter from Defendant Ava Coley reiterating what Defendant stated in her 08/07/19 letter to me, stated that I said in my 08/12/19 letter that "the prison was not good at sending or receiving mail for the inmates." (which I did not state in my 08/12/19 complaint, but rather in my 10/22/18 letter that Defendants state they had not received up that date and of which, at this point in time, I had not mailed a copy to the Defendants, rather I relied on the Defendants receipt of the original), and in which Defendant Ava Coley made statements meant to "harass or intimidate".

3.

k.   On 09/03/19 I mailed a complaint to the Federal Trade
Commission about the issue in question, outlining that the
CFPB did not have the Defendants company listed in the
"Consumer Sentinel Network" and sought assistance.
l.   On 09/17/19 the FTC wrote a letter to me receipting my
complaint and assigning FTC Ref. No. 111557819.
m.   On 09/30/19 I mailed a letter to the CFPB advising the
CFPB that the FTC added the company to the Consumer Sentinel
Network and asked for my prior complaint to be re-
submitted.
n.  On 09/09/19 I wrote to the Better Business Bureau, in
North Carolina, in complaint and sought their mediation in
good faith, on 09/20/19 the BBB receipted my complaint,
assigned Case No. 11135856 and advised me that they
forwarded my complaint to the Defendants for a response. On
09/24/19 I wrote to the BBB inquiring into what North
Carolina State or local agency I would write to if the BBB's
mediation did not produce resolution between myself and the
Defendants. On 09/27/19 the BBB wrote to me advising me as
to a response submitted by the Defendants, in which the
Defendants simply reiterated prior denials. On 09/30/19 I
wrote a response expressing my dissatisfaction with the
Defendants response and in which I, in good faith, lowered
the refund amount I sought from $720.00 to $621.54 ($720.00
minus the Defendants $98.45 in out of pocket costs).
p.   On 09/05/19 I write a complaint to the New York City
Department of Consumer Affairs seeking assistance as well
and on 09/23/19 the NYCDCA wrote to me advising me that the
NYCDCA forwarded my complaint to the North Carolina
Department of Agriculture and Consumer Services. On 10/01/19
Anna Hayworth, of the NCDA&CS Legal Affairs office, wrote to
me advising me that she forwarded my complaint to the North
Carolina Department of Justice's Consumer Protection
Division. This Plaintiff has not received any response from
the NCDOJ about the complaint despite a letter inquiring

4.

into it on 11/15/19.

q. On 10/09/19 the BBB wrote to me advising me of another response from the Defendants, in which the Defendants reiterated prior denials, stated that refunds are only issued if requested within thirty days of receipt by clients of the correspondence packets, and offered to compensate me $200.00 "just to end this back and forth between us and the consumer." On 10/15/19 I responded expressing that I was tired of the issue as well, that I would accept $450.00 of the $720.00 to settle the issue, provided information on how Defendant's can forward me funds As refund and stated that upon receipt of at least $450.00 I would rescind all of my complaints. On 11/05/19 I wrote to the BBB inquiring into receipt of my 10/15/19 response and on 11/11/19 the BBB wrote to me and advised me that the Defendants last response was listed as their final response and that no further action is available by the BBB.

r. Defendant Gerard W. Bradshaw owns and operates a for-profit vocational education business that includes correspondence courses for Behavioral Modification in Dog Training and Protection Theory in Dog Training. This Defendant is the Chief Executive Officer of the company, which is named Tarheel Canine Training, Incorporated.

s. Defendant Ava Coley is an employee of Tarheel Canine Training, Incorporated, in the position of a POA in the companies Accounting Department and is responsible for enforcing the companies refund policy, as well as other things revolving around the companies Accounting matters.

## CAUSES OF ACTION

7. False Advertising. Defendant Gerard W. Bradshaw made false representations as to the comprehensive nature of the correspondence courses, through company advertising of the courses and within the contract/application for the courses.

8.    Deceptive Business Practice. Defendant Gerard W. Bradshaw created a policy providing for refunds of monies paid if demanded within thirty days of a clients receipt of the correspondence packet, but refused to enforce this policy when such a refund demand was made AND Defendant Ava Coley acted to enforce this Deceptive Business Practice by failing to process Plaintiffs demand for refund by falsely alleging that such a demand was not received AND Defendant Gerard W. Bradshaw has a continuing obligation, under Consumer Financial Laws, to process refund demands at any time when "Principle Services of the Contract" have not been rendered AND Defendant Ava Coley acted to enforce this Deceptive Business practice by refusing to process Plaintiffs refund demand while with knowledge that "Principle Services of the Contract" had not been rendered.

9.    Mail Fraud And Swindling. Defendant Gerard W. Bradshaw created a for-profit correspondence course which he operates through the United States Postal Service with the intent to mislead, deceive and defraud consumers out of funds by advertising a correspondence course that does not meet the minimum standards for a correspondence course under the Higher Education Act.

10.    False Claims. Defendant Gerard W. Bradshaw represented his Incorporated Business as accredited by the Law enforcement community within North Carolina and across the greater United States AND by the State of North Carolina, and falsely represented his Incorporated Business as accredited for providing a comprehensive and Nationally recognized correspondence course for Behavioral Modification and Protective Theory in Dog Training.

11. Scamming practices utilizing Third Party Copyrighted material, without the copyrights permission. Defendant Gerard W. Bradshaw created and maintains correspondence courses, that uses as the principle literature, recognized, copyrighted and published works not owned by Defendant and used without permission of the copyrights owners, to scam consumers into entering into contract and pay for

correspondence courses that do not reflect what Defendant advertised, is not comprehensive though advertised as such and which is intended to mislead, deceive and defraud consumers out of funds.

12.   Theft and attempt to hide theft by refusing to furnish receipt of funds paid upon demand. Defendants Gerard W. Bradshaw And Ava Coley received the $720.00 paid by Plaintiff, failed to provide "Principle Services of the Contract", failed to provide any services commensurate to the amount of monies paid by Plaintiff, and refused on several occasions to furnish to Plaintiff a receipt of the monies paid by Plaintiff.

13. Refusal to negotiate settlement of dispute between business and consumer. Defendants Gerard W. Bradshaw and Ava Coley, knowing that "Principle Services of the Contract" had not been rendered, upon demand of refund by Plaintiff and upon "Good Faith effort" by Plaintiff to enter into resolution of the dispute with the North Carolina Better Business Bureau as Mediator, refused to negotiate settlement or common ground to resolve the dispute.

14.   Harassment and attempt at Intimidation. Defendant Ava Coley, as part of a refusal to refund monies to Plaintiff and in an attempt to Intimidate Plaintiff from pursuit of a refund/return of funds paid, made false and disparaging statements about Plaintiff.

15.   PRAYER FOR RELIEF

        WHEREFORE, Plaintiff request that this Court grant the following relief:

        a.   $720.00 in actual damages;

        b.   $75,000.00 in punitive damages;

        c.   Special Damages (pursuant to FRCP Rule 9(b);

        d.   Order the Defendants to reimburse to Plaintiff

7.

the costs of these proceedings, including the filing fee
(if not waived by the Court), other Court costs and the
costs of copies, set at $0.50¢ per page.

I declare under penalty of perjury that the
foregoing is true and correct.

Dated: ___12/24/19___

_____
Signature of Plaintiff

Sworn to before me
this_____date of_____,_____

_____
Notary Public

*Attempted to obtain Notary Services, but have not been provided same to date.*

_____
Notary Stamp

8.