**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

NOUCHE VELLON,

                 Plaintiff,

     v.

AVA COLEY, et al.,

                 Defendants.

No. 1:19-CV-1614
(LEK/CFH)

─────────────────────────────────────

**APPEARANCES:**

Nouche Vellon
08-A-5665
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

**I. In Forma Pauperis**

Plaintiff pro se Nouche Vellon, an inmate currently incarcerated at Eastern New York Correctional Facility, commenced this action on December 19, 2019, by filing a complaint. See Dkt. No. 1 ("Compl."). The original complaint was accompanied by an incomplete application for leave to proceed in forma pauperis ("IFP"). See Id.; Dkt. No. 2. As a result of his incomplete IFP application, the matter was administratively closed, and plaintiff was granted the opportunity to refile with a complete IFP application. See Dkt. No. 6. Thereafter, plaintiff submitted a revised IFP application and an amended complaint. See Dkt. Nos.

1

10 ("Amen. Compl."). 11.  The undersigned has reviewed plaintiff's revised IFP application and determines that he may properly proceeding IFP.[1]  Presently pending before the undersigned is review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

## II. Initial Review

### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean

---

[1]  Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

[2]  Plaintiff's amended complaint is the operative pleading, as it supersedes his original complaint.  See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks and citations omitted)).

the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

3

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.

4

(citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

### B. Plaintiff's Complaint

Plaintiff brings this action against Gerard W. Bradshaw ("Bradshaw"), owner and CEO of Tarheel Canine Training, Inc. ("Tarheel"), a dog-training business located in Sanford, North Carolina; and Ava Coley ("Coley"), Tarheel's accounting employee.  See Amen. Compl. at 2.  Plaintiff alleges that he paid defendants $720 for a "[c]orrespondence [c]ourse [p]ackage" for a course on "[b]ehavioral [m]odification and [p]rotective [t]heory in [d]og [t]raining."  Id. at 2-3 ¶6a; 7 ¶ 10.  In late October and early November 2018, he sent numerous letters to defendants inquiring whether they mailed the correspondence course package and requesting a receipt for his $720 payment.  See id. at 2-3 ¶ 6a-b.  Between late November 2018 and July 2019, plaintiff demanded a refund of his money and again requested a receipt.  See id. at ¶¶ 6c-f.  Plaintiff then filed complaints with numerous agencies, including the Consumer Financial Protection Bureau

5

("CFPB"), Federal Trade Commission ("FTC"), North Carolina Better Business Bureau ("NCBBB"), and New York City Department of Consumer Affairs ("NYCDCA"). See id. at 4-5 ¶¶ 6h-j, k-p. In October 2019, plaintiff states that, in response to his complaint with the NCBBB, Tarheel informed the NCBBB that its policy was to only issue receipts within 30 days of receipt of the correspondence course package. See id. at 5 ¶ q.

Based on the foregoing, plaintiff alleges that defendants engaged in "[f]alse [a]dvertising" concerning the "comprehensive nature of the correspondence course through company advertising . . . and within the contract/application for the courses." Amen. Compl. at 6 ¶ 7. He further alleges that defendants engaged in [d]eceptive [b]usiness [p]ractice," by failing to enforce Tarheel's policy of issuing a refund within 30 days of a "client['s] receipt of the correspondence packet," as required because the "[p]rinciple [s]ervices of the [c]ontract ha[d] not been rendered" and that Tarheel "falsely alleg[ed] that [his] demand was not received" Id. at 6-7 ¶ 8. Further, plaintiff alleges that defendants committed "[m]ail [f]raud [a]nd [s]windling," by defrauding customers "out of funds by advertising a correspondence course that does not meet the minimum standards for a correspondence course under the Higher Education Act." Id. at 6 ¶ 9.

Plaintiff further alleges that defendants violated the "False Claims" Act because they "represented [Tarheel] as accredited by the [l]aw enforcement community within North Carolina and across the greater United States . . . , and falsely represented [the] business as accredited for providing a comprehensive

6

and [n]ationally recognized correspondence course." Amen. Compl. at 7 ¶ 10. In addition, plaintiff alleges that defendants engaged in "[s]camming practices using [t]hird [p]arty [c]opyrighted material" for using materials "not owned by" Tarheel in the correspondence course. Id. at ¶ 11. Plaintiff also alleges "[t]heft and attempt to hide theft," based on defendants' alleged refusal to provide him with a refund or receipt. Id. at 7-8 ¶ 12. Moreover, plaintiff alleges that defendants "[r]efus[ed] to negotiate [a] settlement." Id. at ¶ 13. Finally, plaintiff alleges that defendants engaged in "[h]arassment and attempt at [i]ntimidation" by making "false and disparaging statements" about him. Id. at ¶ 14. Plaintiff requests "$720[] in actual damages," "$75,000 in punitive damages," "[s]pecial [d]amages," and costs. Id. at 14 ¶ 15.

### C. Analysis[3]

#### 1. Federal Question Jurisdiction

The amended complaint lists § 432(a)(2) of the Higher Education Act ("HEA"), as amended 20 USC § 1082(a)(2); 18 USC § 1341; and 28 USC § 1345, as purported bases for subject matter jurisdiction. See Amen. Compl. at 1. However, none of these statutory provisions provide a private cause of action. See Labickas v. Arkansas State Univ., 78 F.3d 333, 334 (8th Cir. 1996) (per curiam) ("The HEA specifies that the Secretary of Education has the power to

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

7

carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with the HEA; and the statute and legislative history do not otherwise suggest congressional intent to create a private remedy."), cert. denied 519 U.S. 968 (1996); Official Publications, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir. 1989) (explaining that 18 USC § 1341, the Federal Mail Fraud Act, "do[es] not provide a private right of action."); 28 USC § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." (emphasis added)). Plaintiff's reliance on 31 USC § 3729 *et seq.*, the Federal False Claims Act, is similarly flawed, as the complaint fails to allege any facts plausibly suggesting that defendants knowingly made false or fraudulent claims for reimbursement to the United States government. See 21 U.S.C. § 3279(a)(1); see also United States ex rel. Kolchinsky v. Moody's Corp., 162 F. Supp. 3d 186, 196 (S.D.N.Y. 2016) ("[T]he False Claims Act is not intended to reach fraudulent conduct where no claim for payment is made [to the United States government]." (internal quotation marks and citation omitted)). Based on the foregoing, affording the amended complaint the most generous reading, plaintiff alleges, at best, possible state law claims for fraud, fraudulent

8

misrepresentation, violation of New York General Business Law § 349[4], and/or breach of contract. Thus, the undersigned finds that there is no federal question jurisdiction.

### 2. Diversity Jurisdiction

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state . . .;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; [or]
> (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)-(4). Here, plaintiff seeks $720 in actual damages and $75,000 in punitive damages. See Amen. Compl. at 8. As the Second Circuit has stated, "punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law." Bindrum v. Am. Home Assurance Co. Inc., 441 F. App'x 780, 782 (2d Cir. 2011) (summary order). "Under New York law,

---

[4] New York General Business Law § 349 prohibits deceptive business acts and practices. To successfully state a claim under § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and (3) that plaintiff suffered injury as a result of the allegedly deceptive act or practice." Koch v. Acker, Merrall & Condit Co., 967 N.E.2d 675, 675 (N.Y. 2012) (internal quotation marks omitted). The New York Court of Appeals has instructed that a deceptive act or practice for purposes of the consumer protection statute, has an objective definition whereby deceptive acts or practices which may be acts or omissions are "limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 647 N.E.2d 741, 745 (N.Y. 1995).

punitive damages demand a high level of moral culpability and are not available where a plaintiff only alleges private wrongs." Centra Developers Ltd. v. Jewish Press Inc., No. 16-CV-6737 (WFK/LB), 2018 WL 1788148, at *6 (E.D.N.Y. Feb. 20, 2018), report and recommendation adopted, No. 16-CV-6737 (WFK/LB), 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018).  Here, plaintiff's amended complaint alleges damages based solely on private wrongs in the context of a reimbursement dispute concerning a correspondence dog training course; therefore, "[p]unitive damages are not available under New York law on these facts." Centra Developers Ltd., 2018 WL 1788148, at *6 (internal quotation marks and citation omitted).  Accordingly, because plaintiff's claim of punitive damages is insufficient to meet the requisite amount-in-controversy, the amended complaint fails to satisfy the requirements of 28 U.S.C. § 1332, and this Court may not exercise diversity jurisdiction over this action.[5]

### 3. Leave to Amend

When addressing a pro se complaint, a district court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v.

---

[5] Plaintiff mistakenly cites Fed. R. Civ. P. 9(b) as the basis for his request for "special damages." Amen. Compl. at 8 ¶ 15.  The correct subsection of Fed. R. Civ. P. 9 for "special damages," is subsection (g), which states "[i]f an item of special damages is claimed, it must be specifically stated."  Here, the amended complaint fails to provide any basis for a claim of special damages and does not specify any amount of special damages plaintiff claims to have sustained; thus, plaintiff's "[d]amage claims of this generality do not constitute adequate pleading of special damages." Barrett v. U.S. Banknote Corp., No. 91-CV-7420 (RPP), 1992 WL 232055, at *8 (S.D.N.Y. Sept. 2, 1992) (citation omitted).

10

Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  Id.  Because the court lacks jurisdiction over this matter, and better pleading cannot establish jurisdiction without an entirely new set of facts and allegations, any amendment would be futile.  See Moran v. Proskauer Rose LLP, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) ("[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." (citations omitted)).  Accordingly, it is recommended that plaintiff's amended complaint be dismissed with prejudice and without leave to amend.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's revised application to proceed in forma pauperis (Dkt. No. 11) be **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 10) be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**, except for plaintiff's state law claims, which are dismissed without prejudice to their renewal in an appropriate state forum[6]; and it is

---

[6] The Court makes no finding as to whether plaintiff can properly proceed on these claims in state court.

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[7]

Dated: April 13, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).