UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NOUCHIE VELLON,

                        Plaintiff,

      -against-                           1:19-CV-1614 (LEK/CFH)

AVA COLEY, *et al.*,

                        Defendants.

_____

**DECISION AND ORDER**

## I.    INTRODUCTION

       Plaintiff Nouchie Vellon brings this pro se action against Ava Coley, an employee of

Tarheel Canine Training, Inc. ("Tarheel") and Gerard W. Bradshaw, Tarheel's Chief Executive

Officer (collectively, "Defendants"). Plaintiff commenced this action on December 26, 2019,

Dkt. No. 1 ("Complaint"), and filed an incomplete application to proceed in forma pauperis

("IFP") the same day, Dkt. No. 2 ("IFP Application"). After the Court administratively closed the

action due to the incomplete IFP application, Dkt. No. 6, Plaintiff submitted an amended

complaint and a properly certified IFP application, Dkt. Nos. 10 ("Amended Complaint"); 11

("Second IFP Application"). Plaintiff was subsequently granted IFP status. Dkt. No. 15 ("Report-

Recommendation").

       On April 13, 2020, the Honorable Christian F. Hummel, United States Magistrate Judge,

recommended dismissal of all Plaintiff's claims without leave to amend. See R. & R. at 11.

Judge Hummel recommended that the dismissal be with prejudice for Plaintiff's federal claims

and without prejudice for Plaintiff's state-law claims. See id. Plaintiff filed timely objections to

the Report-Recommendation. Dkt. No. 16 ("Objections").

For the reasons that follow, the Court adopts the Report-Recommendation in part, modifies it in part, and rejects it in part.

## II.   BACKGROUND

### A. Plaintiff's Factual Allegations

This dispute centers around Plaintiff's mail-order purchase of dog-training course materials from Tarheel. See Am. Compl. ¶ 6a. On November 6, 2018, the day after receiving the course materials, Plaintiff began a dogged, months-long effort to obtain a receipt for the $720 purchase and, later, a refund, see id. ¶¶ 6b–c, bringing Plaintiff into contact with a labyrinth of city, state, and federal agencies, see id. ¶¶ 6f–q. In October 2019, after Tarheel offered Plaintiff $200 as a partial refund through the Better Business Bureau (the "BBB"), Plaintiff reduced his request to $450. See id. ¶ 6q.

Plaintiff filed the present action after the BBB wrote Plaintiff in November 2019 to say it had received no further response from Tarheel. See id. Plaintiff seeks $720 in actual damages, $75,000 in punitive damages, special damages and court costs. See id. ¶¶ 15a–d.

### B. The Report-Recommendation

Judge Hummel recommended dismissal of all Plaintiff's claims on several bases. First, the Report-Recommendation concluded that none of the federal statutes relied upon by Plaintiff create a private cause of action that would confer federal question jurisdiction. See R. & R. at 7–9. "[A]ffording the amended complaint the most generous reading, plaintiff alleges, at best, possible state law claims for fraud, fraudulent misrepresentation, violation of New York General Business Law § 349, and/or breach of contract." Id. at 8–9 (footnote omitted).

Nor is diversity of citizenship available as a grounds for subject-matter jurisdiction,

according to the Report-Recommendation, because Plaintiff's claims do not meet the amount-in-controversy requirement found in 28 U.S.C. § 1332(a). Id. at 10. The Report-Recommendation therefore recommended dismissal of all claims asserted by Plaintiff. Id. at 11.

The dismissal of Plaintiff's federal claims should be with prejudice and without leave to amend, according to the Report-Recommendation, because "better pleading cannot establish jurisdiction without an entirely new set of facts and allegations[.]" Id. at 11 (citing Moran v. Proskauer Rose LLP, No. 17-CV-423, 2017 U.S. Dist. LEXIS 116545, at *8 (N.D.N.Y. July 26, 2017)). In contrast, the Report-Recommendation recommends dismissal of Plaintiff's state law claims "without prejudice to their renewal in an appropriate state forum[.]" R. & R. at 11.

### C.  Objections

Plaintiff's Objections do not contest the Report-Recommendation's findings that the Court lacks both diversity and federal question jurisdiction. See Objs. Rather, Plaintiff objects primarily on the grounds that the Court should exercise its "General Equitable Jurisdiction" to adjudicate this action. See id. at 1–2. Plaintiff argues that dismissing the case for lack of jurisdiction would leave no available forum, effectively slamming shut the doors to every courthouse in this country.[1] See id. at 2.

Plaintiff asks the Court to transfer the case to the New York Supreme Court branch in

---

[1]  The Court is not convinced that no alternative fora exist. For instance, nothing appears to preclude Plaintiff from asserting state-law claims in Lee County, N.C. small claims court. See *A Guide to Small Claims Court*, LEGAL AID OF NORTH CAROLINA, INC., https://www.legalaidnc.org/sites/default/files/2020-01/guide-to-small-claims-court.pdf (last visited June 29, 2020) ("Anybody 18 or over has the right to start a lawsuit in the North Carolina court system. If the lawsuit is for a claim of $10,000 or less, it can be brought into Small Claims Court, which is available in every county.").

Ulster County in the event that there are no grounds for federal jurisdiction.[2] See id. at 2. Finally, Plaintiff also seeks an order "waiving the filing fee if this Court determines that it has to dismiss this case."[3] Id. at 3.

## III.    STANDARD OF REVIEW

### A. Review Under § 1915

Where, as here, a plaintiff proceeds IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

---

[2] Without subject-matter jurisdiction, the Court is powerless to do anything other than dismiss the case. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Buffalo Biodiesel, Inc. v. Schneiderman, No. 17-CV-154, 2017 U.S. Dist. LEXIS 159056, at *3 (W.D.N.Y. Sept. 27, 2017) ("Moreover, without subject matter jurisdiction, this Court also does not have the power to transfer 'venue,' as the plaintiff requests, to the New York Court of Claims.").

[3] Though sensitive to Plaintiff's financial straits, the Court refuses to take this step. The Second Circuit has recognized "the congressional purpose [in enacting the Prison Litigation Reform Act] of deterring prisoner suits by making their prison accounts subject to fee payments." McGann v. Comm'r, 96 F.3d 28, 30 (2d Cir. 1996). If Plaintiff is soon released, as the Objections suggest, see Objs. at 3, Plaintiff will have no obligation to repay the filing fee as the repayment scheme contemplated by 28 U.S.C. § 1915(b) ceases to apply upon release. See Harris v. City of New York, 607 F.3d 18, 22 (2d Cir. 2010) ("The McGann Court found that the statute's detailed payment system—applicable only to prisoners—indicated that Congress intended for the payment regime to end once a prisoner was released.").

**B. Review of a Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's

report-recommendation, the party "may serve and file specific, written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court

"shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no

objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration

of an argument made to the magistrate judge, a district court need review that aspect of a report-

recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at

*1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at

*2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

IV.     **DISCUSSION**

**A. Subject-Matter Jurisdiction**

Plaintiff objects to the Report-Recommendation's conclusion that all claims should be

dismissed for lack of subject-matter jurisdiction. See Objs. The Court assumes that such an

objection triggers de novo review because the objection fails even under that standard. As

discussed below, the Report-Recommendation rightly concluded that dismissal is proper, though

the Court adopts different reasoning.

*1. Diversity of Citizenship*

The Report-Recommendation concluded that diversity jurisdiction is unavailable because

New York law prevents Plaintiff from surpassing the requisite amount-in-controversy. See R. &

R. at 10. The Court agrees that Plaintiff cannot meet this bar but views the proper obstacle as the United States Constitution, not New York law.[4]

The amount in controversy must exceed $75,000 in order for a district court to exercise jurisdiction under § 1332. See § 1332(a). "Potentially recoverable punitive damages can be considered in determining whether the jurisdictional amount in controversy has been satisfied if punitive damages are allowed under the controlling law." Bindrum v. Am. Home Assurance Co., 441 F. App'x 780, 782 (2d Cir. 2011) (applying Vermont law on punitive damages). However, "[w]hen punitive damages are necessary to satisfy the jurisdictional amount, they are considered with heightened scrutiny." Centra Developers Ltd. v. Jewish Press Inc., No. 16-CV-6737, 2018 U.S. Dist. LEXIS 48490, at *9 (E.D.N.Y. March 23, 2018) (internal quotation marks omitted).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment limits punitive damages awards. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003) (invalidating a punitive damages award of 145 times the amount of compensatory damages). "[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." Id. at 425. "If the defendant or the Court challenges plaintiff's allegation [that the amount-in-controversy requirement is met], the burden of demonstrating that it does not appear to a legal certainty that the amount is less than the jurisdictional amount shifts to plaintiff." Dogwood Assocs., L.P. v. Douglas Elliman-Gibbons

---

[4]  While the Report-Recommendation assumed that New York law would apply, barring punitive damages, see R. & R. at 9–10, Plaintiff points out that North Carolina law might allow for such an award. See Objs. at 2; see also N.C. GEN. STAT. § 1D-15(a) (allowing for punitive damages upon a showing of fraud). However, because the Court concludes Plaintiff's sought punitive damage award would violate the United States Constitution, it does not reach the question of which state's law to apply on the issue of the availability of such damages.

& Ives Inc., 1993 U.S. Dist. LEXIS 12670, at *4 (S.D.N.Y. 1993).

Here, Plaintiff seeks $75,000 in punitive damages but only $720 in actual damages, a 104-to-1 ratio. If even a double-digit ratio raises a constitutional alarm, see State Farm, 538 U.S. at 425, this three-digit ratio cannot pass muster, see, e.g., Koch v. Greenberg, 14 F.Supp. 3d 247, 279 (S.D.N.Y. March 31, 2014) (reducing 33-to-1 punitive damage award to a 2-to-1 ratio). It is thus clear to a "legal certainty" that Plaintiff cannot surpass the amount-in-controversy hurdle and, therefore, cannot satisfy the requirements for diversity jurisdiction.

### 2. Federal Question

The Court agrees with the Report-Recommendation's conclusion that jurisdiction also cannot be based on the existence of a federal question.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "As a general matter, an action arises under federal law if federal law creates the cause of action." In re 17,325 Liters of Liquor, 918 F. Supp. 51, 54 (N.D.N.Y. 1996) (citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808–09 (1986)); see also Barbara v. New York Stock Exch., 99 F.3d 49, 54 (2d Cir. 1996) ("The lack of a private right of action counsels against a finding of federal question jurisdiction.").

The Amended Complaint references a number of statutes[5] that purportedly give rise to a federal cause of action and, therefore, federal jurisdiction: 18 U.S.C. § 1341 (mail fraud); 31 U.S.C. § 3729, et seq. (False Claims Act); 20 U.S.C. § 1082(a)(2) (Higher Education Act)

---

[5] The Amended Complaint also cites Federal Rule of Civil Procedure 9(b). See Am. Compl. ¶ 1. Rule 9(b) does not confer jurisdiction because the Federal Rules of Civil Procedure do not alter the jurisdiction of district courts. See Fed. R. Civ. P. 82.

("HEA"); and 28 U.S.C. § 1345 ("United States as plaintiff"). <u>See</u> Am. Compl. ¶ 1. However, all but one[6] of these provisions have no associated private cause of action. <u>See</u> <u>Pitts v. Comm'r</u>, No. 05-CV-1313, 2005 U.S. Dist. LEXIS 10316, at *11 (S.D.N.Y. May 4, 2005) (no private right of action for violation of § 1341); <u>Bowers v. Pa. Higher Educ. Assistance Agency</u>, 2011 U.S. Dist. LEXIS 84789, at *6–7 (noting that while "[t]he Second Circuit has not yet ruled on whether there is an implied private right of action under the HEA," "district courts within the Second Circuit, as well as a number of circuit courts, have held that such a right does not exist"); § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced <i>by the United States, or by any agency or officer thereof</i> expressly authorized to sue by Act of Congress.") (emphasis added).

The Amended Complaint could plausibly be read to assert other federal claims as well; they, too, are unavailing. For instance, the Lanham Act prohibits false advertising, <u>see</u> 15 U.S.C. § 1125(a), and Plaintiff accuses the Defendants of engaging in just that, <u>see</u> Am. Compl. ¶ 7. But § 1125(a) protects commercial interests, not consumers. <u>See</u> <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 572 U.S. 118, 132 (2014) ("A consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act[.]").

Similarly, the Racketeer Influenced and Corrupt Organizations ("RICO") Act makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or

___
[6] A private citizen <i>is</i> permitted to bring an action on behalf of themselves and the United States to enforce the False Claims Act. <u>See</u> 31 U.S.C. § 3730(b)(1). But the False Claims Act has no applicability where no claim for reimbursement is submitted to the federal government. <u>See</u> R. & R. at 8 (citing <u>United States ex rel. Kolchinsky v. Moody's Corp.</u>, 162 F. Supp. 3d 186, 196 (S.D.N.Y. 2016)).

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity," 18 U.S.C. § 1962(c), and provides for a civil remedy, see id. § 1964(c). But, the Second Circuit has held, "[m]ere common-law fraud does not constitute racketeering activity for RICO purposes." Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999).

In sum, the Amended Complaint asserts—and the Court's own review unearths—no federal cause of action that permits recovery to Plaintiff on the facts as alleged. It may well be the case that Plaintiff has suffered a wrong that can be remedied, but, if so, the redress must come from state law. See R. & R. at 9 n.4 (listing the elements of a claim under N.Y. GEN. BUS. LAW § 349).

### 3. "General Equitable Jurisdiction"

Plaintiff's request that the Court exercise its "general equitable jurisdiction" is likewise unavailing.

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, 30 F.3d 298, 303 (2d Cir. 1994). There are three principal sources of jurisdiction for the federal district courts: diversity-of-citizenship jurisdiction under § 1332, federal question jurisdiction under § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. See 17A LINDA S. MULLENIX, MOORE'S FEDERAL PRACTICE — CIVIL § 120.11[2][c][i]–[iii]. "Federal courts have no independent equity jurisdiction; they may grant equitable relief, but not unless there is an independent statutory basis for federal jurisdiction, which is conferred only by specific congressional enactment." In re Agent Orange Prod. Liab. Litig., 506 F. Supp. 737, 740 (S.D.N.Y. 1979), rev'd on other grounds, 635 F.2d 987

(2d Cir. 1980) (internal quotations omitted).

As discussed above, the Court does not possess diversity-of-citizenship jurisdiction or federal question jurisdiction to adjudicate this dispute. Without these sources of original jurisdiction, supplemental jurisdiction is also unavailable. See § 1367(a) (stating that supplemental jurisdiction is available in actions in which the district court possesses original jurisdiction). Because there is no identifiable congressional enactment allowing this Court to hear this case, it cannot do so.

**B. Prejudice**

Because Plaintiff did not object to the Report-Recommendation's conclusion that the federal claims should be dismissed with prejudice, the Court reviews that portion for clear error. The Court concludes that it cannot dismiss any of Plaintiff's claims with prejudice and therefore finds clear error in the Report-Recommendation.

"Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist." Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999); see also Mendez v. Albany Cty. Dep't of Soc. Servs., 2019 U.S. Dist. LEXIS 184593 (N.D.N.Y. Oct. 25, 2019) (Kahn, J.).

The Court has concluded that it lacks subject-matter jurisdiction to adjudicate Plaintiff's claims. It cannot, therefore, dismiss those claims with prejudice.

**C. Leave to Amend**

Because Plaintiff did not object to the Report-Recommendation's conclusion that Plaintiff should be denied leave to amend, the Court reviews that conclusion for clear error and finds none.

"Although a district court should typically refrain from dismissing a *pro se* complaint without permitting at least one opportunity to amend, it may deny leave to amend when amendment would be futile." Adams v. Netflix, Inc., 726 F. App'x 76, 77 (2d Cir. 2018) (summary order). Amendment is futile when the grounds for dismissal of a plaintiff's complaint are substantive, see Planck v. Schenectady County, No. 12-CV-336, 2012 U.S. Dist. LEXIS 76241, at *25 (N.D.N.Y. June 1, 2012), and lack of subject-matter jurisdiction is a substantive defect, see id. at *26.

Because the Court dismisses the Amended Complaint due to lack of subject-matter jurisdiction, it will not allow Plaintiff to amend. There is no amendment Plaintiff could make that would give rise to jurisdiction. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). The Court therefore refuses to grant leave to amend.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 15) is **APPROVED and ADOPTED** to the extent it recommends dismissal of Plaintiff's claims, **MODIFIED** as to the rationale for dismissal, and **REJECTED** as to its recommendation that Plaintiff's federal claims be dismissed with prejudice; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 10) is **DISMISSED without prejudice but without leave to amend**; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        July 02, 2020
                  Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge